OPINION
Defendant-appellant Suresh Gupta appeals from a small claims judgment in the amount of $1,134.00, together with interest and costs, awarded against him and in favor of plaintiff-appellee Robert L. Moreland, doing business as BD Roofing Siding. The entire text of Gupta's brief is as follows:
 Appeal is based on the argument that plaintiff was not paid due to substandard work and for failure to modify amount due based on said substandard work. Work was never finished.
 1. Plaintiff ordered too many roofing tiles and left them sitting on property. A credit is due for the unused roofing tiles.
 2. Plaintiff based contract on installing 50 squares of roofing tiles but the job only required 40 squares. A credit is due for the difference between estimate and actual.
 3. Plaintiff gave incorrect estimate of linear footage for gutter and down spout resulting in charges greater than the industry average of $2.00 per linear foot. A credit is due for the difference between estimate and actual. Substantial portion of house did not have gutter and down spout installed per contract.
 4. Plaintiff improperly installed flat roof that now leaks. Plaintiff is blaming the carpenter when Plaintiff should have installed something to make water drain away from house instead of toward it. Repairs must be made or paid for by Plaintiff.
 Defendant attempted to have charges modified based upon the substandard work described above in 1 through 4. However, Plaintiff was unreasonable and would not alter charges, opting instead to file in small claims court.
This small claim was referred to a magistrate. The record reflects that the claim was heard on November 14, 2000, that Moreland was present, that Gupta was not present, and that the amount of Moreland's damages were determined. By entry dated November 15, 2000, the magistrate entered a decision awarding Moreland $1,134.00, plus interest and costs. This decision was adopted as the judgment of the court in an entry filed November 16, 2000. The record does not reflect that Gupta ever filed any objections to the magistrate's decision, pursuant to Civ.R. 53(E)(3).
Although Moreland's brief suggests that there may have been some dispute concerning whether Gupta was ever served with process, the record reflects that the summons and complaint was sent to Gupta at the address he is showing on his appellate brief, by certified mail, return receipt requested, and was returned unclaimed. The record further reflects that the summons and complaint was then served by ordinary mail after having been returned unclaimed. The record reflects, therefore, that service was made upon Gupta in accordance with Civ.R. 4.6(D).
Because Gupta did not object to the magistrate's decision, he may not assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law by the magistrate. Civ.R. 53(E)(3)(b). We have previously held that we may find plain error, notwithstanding an appellant's failure to have objected to a magistrate's decision that has been adopted as the judgment of the trial court. In this context, plain error is error "seriously affecting basic fairness, integrity, or public reputation of the judicial process." R.G. Real Estate Holding, Inc. v. A.J. Wagner (April 24, 1998), Montgomery App. No. 16737, unreported.
We have reviewed the record, and we find no plain error. There is no transcript, so we do not know what evidence Moreland may have presented to support the award of damages. In the face of a silent record, we presume that evidence was presented to support the award.
In his brief, Gupta appears to be making a factual argument that Moreland was not entitled to payment for work done, because it was substandard, and was not completed. In view of Gupta's failure to appear for trial, the magistrate did not err in finding for Moreland on the issue of liability.
The judgment of the trial court is Affirmed.
 __________________ FAIN, J.
BROGAN and GRADY, JJ., concur.